IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL A. D. GOSSAI, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3014 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JON BRUNING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing nos. 28 and 30, the Motions to Dismiss and to Stay filed by the defendants, Jon Bruning, et al. After the Consumer Protection Division of the Nebraska Attorney General's Office took action under Nebraska law against the California Alternative High School ("CAHS") and the plaintiff, Daniel A. D. Gossai, the plaintiff filed the above-entitled action alleging civil rights violations and state law claims of defamation, conspiracy and intentional infliction of emotional distress.

In support of their Motion to Dismiss, the defendants state that they have prevailed in the State's case against the plaintiff and CAHS in State ex rel. John Bruning v. Gossai, et al., Case No. 1033-374 in the District Court of Douglas County, Nebraska. According to the defendants, the Douglas County District Court found that the plaintiff had violated the Deceptive Trade Practices Act and the Consumer Protection Act in the operation of CAHS, and the court enjoined the plaintiff from operating CAHS or any other school or course of study in Nebraska using the words "high school," absent specified requirements. The defendants represent that the plaintiff's appeals have been dismissed, and the decision of the District Court of Douglas County is final.

While the defendants have described the outcome of the state court proceedings,

1

they have not provided this court with copies of any of the decisions by the state courts, and they have not moved for summary judgment on the basis of claim or issue preclusion. If the defendants' description of the state court judgment is accurate, it would appear that, at a minimum, the plaintiff's First, Second and Third Causes of Action in this court could be subject to dismissal. However, res judicata and collateral estoppel cannot be determined without access to the relevant state court judgment.

The defendants characterize the plaintiff's claims as "moot." However, the plaintiff's claims for injunctive and declaratory relief in this action are not so much moot as barred by res judicata or collateral estoppel if the defendants have accurately described the state court judgment, a matter to be determined upon a properly filed motion for summary judgment. In addition, the plaintiff's claims for damages against the defendants in their official capacity are barred by sovereign immunity (see filing no. 13).

After the court imposed a temporary stay, the plaintiff moved for leave to amend his complaint to sue the defendants in their individual capacity (filing no. 15). I denied the motion, without prejudice to reassertion after dissolution of the stay. The plaintiff did not reassert a motion to amend, but in filing no. 20, a "Supplemental Memorandum and Exhibit," the plaintiff again requested leave to amend his complaint to sue the defendants in their individual capacity. In the absence of a motion, no order issued, and the deadline set in the Initial Progression Order (filing no. 27) for motions to amend pleadings expired on January1, 2006. However, I will grant the plaintiff a short extension of time in which to file a proper motion for leave to amend the complaint for the limited purpose of suing the defendants in their individual capacity on the claims already asserted in the complaint.

If a timely motion for leave to amend the complaint is granted, the defendants may

2

reassert their affirmative defenses regarding immunity from suit under, and the necessity of compliance with, the State Tort Claims Act for purposes of the plaintiff's claims arising under state law.  Cf. Stagemeyer v. County of Dawson, 205 F. Supp.2d 1107, 1118 (D. Neb. 2002) and Stagemeyer v. County of Dawson, 192 F. Supp.2d 998, 1008-10 (D. Neb. 2002) (whether one of the Tort Claims Acts applies to an individual-capacity tort claim depends on whether the defendant was acting within the scope of employment).  Accord Cole v. Wilson, 627 N.W.2d 140,144 (Neb. App.2001) ("The requirements of the Political Subdivisions Tort Claims Act apply where an individual is sued in his or her individual capacity, but is performing within the scope of employment.").

THEREFORE, IT IS ORDERED:

1. That filing nos. 28 and 30, the defendants' Motions to Dismiss and to Stay are denied, without prejudice to reassertion of the issues in a properly filed and supported summary judgment motion;

2. That filing no. 27, the court's Initial Progression Order, is amended to extend the following deadlines:

a. Amending Pleadings.  Any motions to amend pleadings in this action shall be filed on or before January 25, 2006; and

b. Mandatory Disclosures. The mandatory disclosures described in Fed. R. Civ. P. 26(a)(1) shall be served by the parties on or before March 1, 2006.

January 10, 2006.          BY THE COURT:

/s *Richard G. Kopf*
United States District Judge