IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL A. D. GOSSAI, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3014 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JON BRUNING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 34, the Motion to Amend Complaint filed by the plaintiff, Daniel A. D. Gossai; (2) filing no. 36, the Motion for Summary Judgment filed by the defendants, Jon Bruning, et al.; (3) filing no. 39, the defendants' Motion to Stay Discovery; (4) filing no. 43, the defendants' Motion for Enlargement of Time; and (5) filing nos. 44 and 47, the plaintiff's Motions for Extension of Time.

### Amendment of Complaint

Although filed 24 days beyond the deadline set in the court's Progression Order (filing no. 27 at ¶ 5), the plaintiff's Motion to Amend Complaint (filing no. 34) is granted in part. Filing no. 1, the plaintiff's original complaint, will remain the operative complaint in this action, but filing no. 34 is granted insofar as the court recognizes that the plaintiff has sued the defendants in both their official *and individual* capacities (see filing no. 17, deferring that action until after dissolution of the stay entered at the defendants' request). Filing no. 34 is denied in all other respects, and the plaintiff must still achieve service of process on each defendant in his or her individual capacity.

### Motion for Summary Judgment

The defendants move for summary judgment, contending that the plaintiff's claims must be dismissed on the following grounds: (1) Claim and issue preclusion; (2) the principles expressed in Heck v. Humphrey, 512 U.S. 477 (1994); and (3) Nebraska State Tort Claims Act prerequisites and limitations. I disagree as to Heck v. Humphrey, as

1

discussed below, but I take the matters of claim and issue preclusion and the tort claims act under advisement, and I will require a response from the plaintiff regarding those issues.

The decision in Heck v. Humphrey prevents a confined person from bypassing the remedy of habeas corpus and, instead, indirectly casting doubt on the validity of the confinement in an action for damages under 42 U.S.C. § 1983.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (An action under 42 U.S.C. § 1983 which would call into question the lawfulness of a plaintiff's confinement is not cognizable until after the judgment has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").   See also Muhammad v. Close, 540 U.S. 749, 750-51 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment:  a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 ... (1973);  requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.  In Heck v. Humphrey, 512 U.S. 477 ... (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question **the validity of conviction or duration of sentence**, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

(Emphasis added.)

Although the plaintiff has lost a case brought against him in state court by the Consumer Protection Division of the Nebraska Attorney General's Office, the plaintiff is not a confined person.  Thus, the remedy of habeas corpus is not available to the plaintiff, and the principles expressed in Heck v. Humphrey do not apply to this litigation.

However, the defendants also argue that any tort claim asserted under state law in this action by the plaintiff against the defendants is barred by the plaintiff's failure to file a claim under the State Tort Claims Act or by the absence of a waiver of sovereign immunity for that type of claim by the tort claims act. In addition, the defendants urge that the outcome of the litigation in state court now serves to bar the plaintiff's claims in this action under the principles of res judicata and collateral estoppel. I will require the plaintiff to respond to those arguments.

## Motions for Additional Time

Filing no. 43, the defendants' Motion for Enlargement of Time to respond to the plaintiff's Motion to Amend Complaint, is moot, as the defendants have now filed their response (filing no. 45). Therefore, filing no. 43 is denied as moot.

In filing nos. 44 and 47, the plaintiff requests additional time to respond to the defendants' Motion for Summary Judgment and Motion to Stay Discovery. Filing nos. 44 and 47 are granted in part and denied in part. The plaintiff shall have until April 12, 2006 to respond to the defendants' Motion for Summary Judgment. Until the court rules on the Motion for Summary Judgment, discovery is stayed.

THEREFORE, IT IS ORDERED:

1. That filing no. 34, the plaintiff's Motion to Amend Complaint, is granted insofar as the plaintiff is deemed to have sued the remaining defendants in their official **and** individual capacities; and filing no. 1 otherwise remains the operative complaint in this litigation;

2. That filing no. 36, the defendants' Motion for Summary Judgment, is denied insofar as the motion relies on the principles expressed in Heck v. Humphrey, 512 U.S. 477 (1994), and is otherwise taken under advisement until after April 12, 2006;

3. That filing no. 39, the defendants' Motion to Stay Discovery, is granted in that until the court rules on the defendants' Motion for Summary Judgment, discovery is stayed;

4. That filing no. 43, the defendants' Motion for Enlargement of Time to respond to the plaintiff's Motion to Amend Complaint, is denied as moot; and

5. That filing nos. 44 and 47, the plaintiff's Motions for Extension of Time, are granted in that the plaintiff shall have until April 12, 2006 to respond to the defendants' Motion for Summary Judgment, and the motions are otherwise denied.

March 9, 2006. BY THE COURT:

/s *Richard G. Kopf*
United States District Judge